IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JULIE CHRISTINA PAPPAS, | |
| Petitioner, | 8:21CV328 |
| vs. | |
| T. HAWKINS, | MEMORANDUM AND ORDER |
| Respondent. | |

After initial review under Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*, I will dismiss this 28 U.S.C. § 2241 petition[1] without prejudice.

Petitioner Julie Christina Pappas ("Pappas") filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (filing 1) on August 27, 2021. Pappas is confined in the Bryan Federal Prison Camp in Bryan, Texas and is serving a sentence imposed on July 27, 2018 by this court in case number 8:17-cr-00349. According to the court's records, the Honorable Robert F. Rossiter, Jr., sentenced Pappas to 87 months' imprisonment and four years' supervised release after Pappas' pleaded guilty to Count I of the indictment. (Filing 46, Case No. 8:17-cr-00349.) In her petition, Pappas alleges she is challenging the "Final judgement" in 8:17-cr-00349 and is "seeking credit of 222 days of pretrial completion during the dates of 2/5/2018 to 9/13/2018 towards [her] final judgment." (Filing 1 at CM/ECF p. 2.) Specifically, Pappas is "asking the court to credit [her] pretrial timing of 222 days towards [her] final judgement of 87 months['] imprisonment." (*Id.* at CM/ECF p. 8.) On November 29, 2021, Pappas filed a motion in 8:17-cr-00349

---

[1] Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* allows me to apply Rule 4 of those rules to a section 2241 petition. *See also* 28 U.S.C. § 2243.

seeking a reduction of sentence based on post-sentencing rehabilitation pursuant to 18 U.S.C. § 3742(e) which is currently pending. (Filing 52, Case No. 8:17-cr-00349.) No other postconviction motions have been filed in 8:17-cr-00349.

A federal prisoner challenging the legality of her sentence must raise her claims in a 28 U.S.C. § 2255 motion, while a federal prisoner attacking the execution of a sentence should raise her claims in a 28 U.S.C. § 2241 petition. *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009); *see United States v. Hutchings*, 835 F.2d 185, 186–87 (8th Cir. 1987) (holding that a federal prisoner challenging the manner, location, or conditions of sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241); *Youngman v. United States*, 3:11-cv-03009, 2011 WL 2312092, *2–3 (D.S.D. June 10, 2011) (dismissing 28 U.S.C. § 2241 petition because it was an attack on the validity of a sentence that should have been made under 28 U.S.C. § 2255).

> The following are types of claims cognizable under § 2241 and not under § 2255:
>
> (1) denial of sentence credits for good time or pretrial detention, *Reno v. Koray*, 515 U.S. 50, 52–53 (1995); *Bell v. United States*, 48 F.3d 1042, 1043–44 (8th Cir. 1995);
>
> (2) transfers or other changes in the type of detention, *United States v. Fuller*, 86 F.3d 105, 106 (7th Cir. 1996);
>
> (3) prison disciplinary procedures, *Kingsley v. United States Bureau of Prisons*, 937 F.2d 26, 30 n.5 (2d Cir. 1991); and
>
> (4) parole determinations, *Sherman v. US Parole Comm'n*, 502 F.3d 869 (9th Cir. 2007).

*Jacobo v. Yankton Fed. Prison Camp*, No. 4:19-CV-04050-KES, 2019 WL 2412943, at *2 (D.S.D. May 1, 2019), *report and recommendation adopted sub nom. Jacobo v. United States*, No. 4:19-CV-04050-KES, 2019 WL 2411748 (D.S.D. June 7, 2019).

To the extent Pappas may be challenging the validity of the sentencing order in 8:17-cr-00349, such claim is not properly raised in a petition under 28 U.S.C. § 2241. Rather, such a claim must be brought in a motion pursuant to 28 U.S.C. § 2255.

Liberally construed, Pappas is seeking credit against her sentence for time she served in pretrial detention under 18 U.S.C. § 3585(b).[2] Such a claim is properly presented in a habeas petition under § 2241. However, federal prisoners seeking sentencing credit must first exhaust administrative remedies by presenting their claim to the Bureau of Prisons ("BOP") before seeking habeas corpus relief. *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000); *see United States v. Wilson*, 503 U.S. 329, 331–35 (1992) (acting through BOP, Attorney General—not sentencing court—is responsible for awarding credit for time served on federal sentence); *United States v. Iversen*, 90 F.3d 1340, 1344 (8th Cir. 1996) (district court does not have authority to credit defendant for pretrial detention if claim is not first presented to BOP); *Kendrick v. Carlson*, 995 F.2d 1440, 1447 (8th Cir. 1993) (federal prisoners seeking jail-time credit must exhaust administrative remedies before seeking habeas corpus relief). Pappas has failed to demonstrate that she has presented her claim to the BOP prior to filing her habeas petition. In fact, Pappas responded "No" to the question, "Did you appeal the decision, file a

---

[2] Section 3585(b) provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

3

grievance, or seek an administrative remedy," on her Form AO 242 habeas petition. (Filing 1 at CM/ECF p. 2.)

Because Pappas has not exhausted her administrative remedies, the court will dismiss her habeas petition without prejudice. After exhausting her remedies with the BOP, Pappas may file a 28 U.S.C. § 2241 habeas petition "in either the district where [she] is confined, in the United States District Court for the District of Columbia, or in any district in which the BOP maintains a regional office,[3] as the BOP can be considered [Pappas'] 'custodian' for the purpose of calculating [her] pretrial detention credit." *Chappel*, 208 F.3d at 1069–70 (footnote omitted).

Finally, 28 U.S.C. § 2253, which requires the district court to consider whether to issue a certificate of appealability ("COA") on appeal, applies to appeals from the denial or dismissal of habeas petitions under 28 U.S.C. § 2254, habeas petitions by state prisoners under 28 U.S.C. § 2241, and motions to vacate sentence by federal prisoners under 28 U.S.C. § 2255. However, a federal prisoner appealing the denial or dismissal of a § 2241 petition is not required to obtain a COA. *Langella v. Anderson*, 612 F.3d 938, 939 n.2 (8th Cir. 2010) (citing *Murphy v. United States*, 199 F.3d 599, 601 n.2 (2d Cir. 1999)). *See also Montez v. McKinna*, 208 F.3d 862, 866-67 (10th Cir. 2000) (A COA is required to appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" or "the final order in a proceeding under section 2255;" thus, a state prisoner needs a COA to appeal a § 2241 or § 2254 judgment, but a federal prisoner needs a COA only for a § 2255 appeal, not § 2241.) (quoting 28 U.S.C. § 2253(c)(1)). Because Pappas challenged only her detention by federal authorities and is presently confined in federal custody, the court determines that Pappas is exempt from the COA requirement.

---

[3] The BOP does not maintain a regional office in the District of Nebraska.

IT IS THEREFORE ORDERED that Petitioner's habeas petition (filing 1) is dismissed without prejudice. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 17th day of December, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge